UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES LAMIRAND and TRACY LAMIRAND,

        Plaintiffs,                        Case No.:

v.

FAY SERVICING, LLC,

        Defendant.
_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, CHARLES LAMIRAND and TRACY LAMIRAND (hereinafter collectively referred to as "Plaintiffs" or "the Lamirands"), by and through the undersigned counsel, and hereby sue the Defendant, FAY SERVICING, LLC (hereinafter referred to as "Defendant" or "Fay Servicing") for damages and allege in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Fay Servicing's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from the Lamirands.

3. Venue is proper in this District because the acts and transactions occurred here, the Lamirands reside here, and Fay Servicing transacts business here.

## PARTIES

4. Plaintiffs, Charles and Tracy Lamirand, are natural persons who reside in Lee County, Florida, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5. Defendant, Fay Servicing, LLC, is a foreign limited liability company.

6. Fay Servicing operates from a principal address of 440 S. LaSalle Street, 20th Floor, Chicago, IL 60605.

7. Fay Servicing is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

8. More specifically:

    a. Fay Servicing is principally engaged in the business of collecting debts;

    b. Fay Servicing regularly collects debts owed or due or asserted to be owed or due to another; and

    c. Fay Servicing uses the United States postal service and telephones in connection with its debt collection business.

9. Upon information and belief, Fay Servicing has significant and substantial contacts with the State of Florida.

## FACTUAL ALLEGATIONS

10. On or about September 5, 2003, the Lamirands incurred a debt that was primarily for personal, family, and household purposes (hereinafter the "Debt").

11. Specifically, the Lamirands incurred a debt to Fleet National Bank (hereinafter "Fleet") for the purchase of residential property located at 18168 Phlox Drive, Fort Myers, Florida 33967 (hereinafter the "Subject Property"), which served as their home.

12. The Lamirands eventually fell behind on payments and went into default on the Debt.

13. Servicing of the Debt was subsequently transferred from Fleet to Ventures Trust 2013-I-H-R, by MCM Capital Partners, LLC, its Trustee (hereinafter "MCM").

14. On or about October 7, 2015, MCM filed a foreclosure action against the Lamirands in Lee County, Florida in connection with the Debt and the Subject Property (hereinafter the "Foreclosure Action").

15. Subsequently, the Debt was transferred to Fay Servicing to take over the collection efforts as servicer on behalf of MCM.

16. After Fay Servicing began servicing the Debt, a disagreement arose between the parties hereto, leading to the filing of a complaint against Fay Servicing by the Lamirands before this Honorable Court. *See Lamirand v. Fay Servicing, LLC*, 3:18-cv-00333-SPC-MRM (hereinafter the "Prior Lawsuit").

17. The Foreclosure Action and the Prior Lawsuit were eventually resolved amicably, as memorialized in a confidential settlement agreement (hereinafter the "Agreement") that settled both matters simultaneously.

18. As a result of the Agreement, the parties stipulated to dismissal of the Prior Lawsuit on December 14, 2018, and a Consent Final Judgment of Mortgage Foreclosure (hereinafter the "Consent Judgment") was entered by the Lee County Court on November 14, 2018. *See* **Exhibit "A"** attached hereto.

19. The Agreement reduced the amount of the Debt to a total of $85,790.99, and indicated that the Consent Judgment would be entered in that amount.

20. However, despite the Agreement, Fay Servicing continued to send monthly billing statements (hereinafter the "Statements") to the Lamirands demanding payment of an amount over and above the total amount of the Debt.

21. Specifically, after entry of the Consent Judgment in the Foreclosure Action and dismissal of the Prior Lawsuit, Fay Servicing sent Statements demanding reinstatement amounts in excess of $92,000.00, which was *more* than the amount of the Consent Judgment. *See* **Composite Exhibit "B"** attached hereto.

22. The Statements also indicated an "Accelerated Amount Due" of over $101,000.00. *See* Composite Exhibit "B".

23. The Statements also demanded over $25,000.00 in "Attorneys Fees Due", which fees were specifically excluded from the Consent Judgment. *See* Exhibit "A" and Composite Exhibit "B".

24. The Statements indicated that "Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose." *See* Composite Exhibit "B".

25. The above-detailed conduct by Fay Servicing of harassing the Lamirands in an effort to collect the Debt was a violation of numerous and multiple provisions of the FDCPA and the FCCPA.

26. Fay Servicing's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by the Lamirands.

27. The Lamirands have suffered actual damages as a result of these illegal collection communications by Fay Servicing, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

28. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FDCPA.

30. Fay Servicing violated 15 U.S.C. § 1692e(2)(A), which prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt[.]"

31. Specifically, each of the statements sent to the Lamirands by Fay Servicing within one (1) year of the date of this action violated § 1692e(2)(A), because Fay Servicing falsely asserted a legal right to payment of the Debt in an amount over and above the amount actually owed.

32. As a direct and proximate result of Fay Servicing's actions in violation of said statute, the Lamirands have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

33. The Lamirands have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the Lamirands seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

34. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FDCPA.

36. Fay Servicing violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from the "use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

37. Specifically, each of the statements sent to the Lamirands by Fay Servicing within one (1) year of the date of this action violated § 1692e(10), because Fay Servicing represented that it had a legal right to payment of the Debt in a certain amount, which representation was false because the amount demanded was over and above the amount actually owed.

38. As a direct and proximate result of Fay Servicing's actions in violation of said statute, the Lamirands have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

39. The Lamirands have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, the Lamirands seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

40. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FDCPA.

42. Fay Servicing violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from the "use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

43. Specifically, each of the statements sent to the Lamirands by Fay Servicing within one (1) year of the date of this action violated § 1692e(10), because Fay Servicing falsely stated that it had a legal right to payment of the Debt in a certain amount, which representation was false because the amount demanded was over and above the amount actually owed.

44. As a direct and proximate result of Fay Servicing's actions in violation of said statute, the Lamirands have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

45. The Lamirands have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Lamirands seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

46. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FDCPA.

48. Fay Servicing violated 15 U.S.C. § 1692f, which prohibits a debt collector from the use of any "unfair or unconscionable means to collect or attempt to collect any debt[.]"

49. Specifically, each of the statements sent to the Lamirands by Fay Servicing within one (1) year of the date of this action violated § 1692f, because Fay Servicing falsely stated that it had a legal right to payment of the Debt in a certain amount, which representation was false because the amount demanded was over and above the amount actually owed.

50. As a direct and proximate result of Fay Servicing's actions in violation of said statute, the Lamirands have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

51. The Lamirands have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Lamirands seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT V
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Section 559.72(7), Fla. Stat.

52. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FCCPA.

54. Under the provisions of Fla. Stat. § 559.72(7), Fay Servicing may not "[w]illfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

55. Fay Servicing violated Fla. Stat. § 559.72(7) by continually sending the Statements, which demanded the Lamirands pay a knowingly inflated amount on the Debt, which conduct can reasonably be expected to harass the Lamirands

56. As a result of Fay Servicing's violations of the FCCPA, the Lamirands are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Fay Servicing.

57. Additionally, § 559.77 provides a court may award punitive damages, as well as equitable relief such as enjoining further illegal collection activity. The Lamirands seek an injunction prohibiting future violations, and hereby assert that punitive damages should be assessed against Fay Servicing in this case.

## COUNT VI
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(9), Fla. Stat.

58. The Lamirands incorporate by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of the Defendant, Fay Servicing, constitute numerous and multiple violations of the FCCPA.

60. Under the provisions of Fla. Stat. § 559.72(9), Fay Servicing may not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does

not exist."

61. Fay Servicing violated Fla. Stat. § 559.72(9) by continually sending the Statements, which demanded the Lamirands pay a knowingly inflated amount on the Debt, which was an attempt to enforce an amount of debt that was not legitimately owed.

62. As a result of Fay Servicing's violations of the FCCPA, the Lamirands are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Fay Servicing.

63. Additionally, § 559.77 provides a court may award punitive damages, as well as equitable relief such as enjoining further illegal collection activity. The Lamirands seek an injunction prohibiting future violations, and hereby assert that punitive damages should be assessed against Fay Servicing in this case.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, CHARLES LAMIRAND and TRACY LAMIRAND, having set forth their claims for relief against the Defendant, FAY SERVICING, LLC, respectfully prays of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2);

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2);

C.  That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages pursuant to Fla. Stat. § 559.77(2);

D.  That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2);

E.  That the Defendant be prohibited from engaging in further improper conduct; and

F.  That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: March 2, 2020

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
*Attorneys for Plaintiff*

By:  Joseph C. LoTempio
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Michigan        )
                         ) ss
COUNTY OF Berrien        )

Plaintiff, CHARLES LAMIRAND, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Charles Lamirand_
CHARLES LAMIRAND

Subscribed and sworn to before me this __12__ day of __Feb__, 20__20__ by CHARLES LAMIRAND who:

☒ is personally known; or

☐ produced identification _____.

_Jeanne J Meyer_
Notary Public

(SEAL)

JEANNE J. MEYER
NOTARY PUBLIC - MICHIGAN
Berrien County
My Commission Expires Mar. 02, 2022

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____ )
                                      ) ss
COUNTY OF _____ )

Plaintiff, TRACY LAMIRAND, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
TRACY LAMIRAND

Subscribed and sworn to before me this __12__ day of __Feb__, 20__20__ by TRACY LAMIRAND who:

☒ is personally known; or

☐ produced identification __Jeanne J Meyer__. FL L565 80455 6060

_____
Notary Public

(SEAL)

JEANNE J. MEYER
NOTARY PUBLIC - MICHIGAN
Berrien County
My Commission Expires Mar. 02, 2022