UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES LAMIRAND and TRACY LAMIRAND,

    Plaintiffs,

v.                                                Case No.:   2:20-cv-138-FtM-38MRM

FAY SERVICING, LLC,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 20), Plaintiff's Response (Doc. 23), and Defendant's Reply (Doc. 28).

This is a fair debt collection case brought under the Fair Debt Collection Practices Act and the Florida Consumer Credit Protection Action.  In 2003, the Lamirands incurred a debt in order to purchase their home.  They defaulted and a foreclosure action was filed against them in Lee County Circuit Court that resolved, and a Consent Final Judgment was entered.  Subsequently, the debt and accompanying mortgage were transferred to Defendant Fay Servicing, LLC, who took over collection efforts.

Around March 2019, Fay began mailing the Lamirands (to their counsel, The Dellutri Law Group's, address) "Mortgage Statements" six of which are attached to the Amended Complaint, with a balance due of approximately $92,000, which is

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

approximately $7,000 greater than what was agreed to in the Consent Final Judgment. (Doc. 18-2).  The Lamirands do not contest that they owe the amount agreed to in the Consent Final Judgment.  Rather, Fay's alleged statutory offense is the false assertion that the Lamirands owed more than the amount they agreed to.  In other words, the Mortgage Statements demanded a payment amount over and above the total amount of the debt listed in the Consent Final Judgment.  The Lamirands do not allege that they made any payments in response to the Mortgage Statements, but that they suffered "statutory and actual damages" as a result of Fay's conduct "including but not limited to anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment." (Doc. 18 at ¶¶ 29, 34, 40, 46).

The last Mortgage Statement that is attached to the Amended Complaint is dated August 10, 2019, and this lawsuit was filed on March 2, 2020.  Charles Lamirand filed for bankruptcy on November 12, 2019, listing the lender as having a secured claim in the amount of $90,623.81.

Although no party raises the issue of Article III standing, on July 6, 2020, the Eleventh Circuit issued a significant decision on Article III standing to pursue claims under the FDCPA that could impact this case, styled *Trichell v. Midland Credit Mgmt., Inc.*, --- F.3d ---, 2020 WL 3634917 (11th Cir. July 6, 2020) (raising Article III standing *sua sponte*). Consequently, the Court requests supplemental briefing on this threshold jurisdictional question, namely, in light of *Trichell*, whether either Plaintiff has standing such that the Court has Article III jurisdiction over this dispute.  At the motion-to-dismiss stage, the Lamirands bear the burden of "alleging facts that plausibly establish their standing." *Id.* at *3.

Accordingly, it is now

**ORDERED:**

Plaintiffs shall file a supplemental brief on the issue of Article III standing in light of *Trichell v. Midland Credit Mgmt., Inc.*, --- F.3d ---, 2020 WL 3634917 (11th Cir. July 6, 2020), by **July 20, 2020**. Thereafter, Defendant may file a response due by **July 30, 2020**. The Court will **defer ruling** on Defendant's Motion to Dismiss (Doc. 20) until the supplemental briefing time has passed.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record